
CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ZACHARY M. GLIMCHER (CABN 308053)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Zachary.Glimcher@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 24-0486-AMO |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | Sentencing Date: August 4, 2025 |
| KENNETH BROWN, | Sentencing Time: 2:00 p.m. |
| Defendant. | Before: Hon. Araceli Martínez-Olguín |

## INTRODUCTION

The defendant, Kenneth Brown, deserves time in custody but needs time on supervised release. After serving over 18 years of a 24-year sentence in prison for committing attempted murder, the defendant was released on state parole on April 17, 2022. In addition to committing many other parole violations, in February 2023, he was arrested for evading police and wrong way driving, and in May 2023, he was arrested for first degree burglary. Those cases resolved in November 2024, with a plea to the felony evasion, resulting in a sentence of four years in prison. While that case was pending, on January 9, 2024, Mr. Brown committed the instant offense, being a felon in possession of ammunition, on which he will now be sentenced. Mr. Brown has spent a lot of time in custody and justifiably so, but so far, it has not been a cause for rehabilitation. In light of the 3553(a) factors, the government

recommends further custody time but at the low-end of the Guidelines; likely as important and in the interest of introducing a new variable, the government is recommending supervised release to facilitate a different outcome after the defendant is released than has happened in the past.

## BACKGROUND

### A. The Offense

On January 9, 2024, on learning the defendant was in parole violation, Hayward police surveilled the area around the defendant's residence, an apartment complex at 1182 E Street, in Hayward. PSR ¶ 6. The defendant's vehicle was identified driving into the complex's parking garage. Law enforcement followed, pulled behind him and turned on their emergency lights. PSR ¶ 7. The defendant quickly reversed and crashed into the stopped law enforcement vehicle, a pickup truck, damaging both vehicles. *Id*. Subject to a parole search, the defendant was found in possession of a ghost gun, modeled after a Glock 27 .40 caliber pistol loaded with a 10-round magazine containing 9 rounds of .40 caliber ammunition and 1 round in the chamber. PSR ¶ 8. The defendant also possessed a bag containing 25.14g of presumptive methamphetamine. PSR ¶ 9.

### B. Procedural History

On September 5, 2024, a grand jury returned an indictment charging the defendant with one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1.

On March 31, 2025, the defendant pled guilty to Count 1.

## ARGUMENT

### A. The PSR Accurately Calculated the Offense Level and Criminal History Category

The government agrees that the defendant has six criminal history points and therefore is a Criminal History Category (CHC) III. For the instant offense, the base offense level of is 20. U.S.S.G §2K2.1(a)(1)(A). When adjusted for acceptance of responsibility, under §§ 3E1.1(a) and (b), the total offense level of 17. With a CHC of III and a total offense level of 17, the advisory guidelines here are 30-37 months.

### A. Objections to the PSR

The government has no objections to the PSR.

### B. Applicable Law

GOVERNMENT'S SENTENCING MEMORANDUM
CR 24-00320 HSG                              2

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* The government agrees with Probation's calculation that the defendant's total offense level is 17, and his criminal history category is III. PSR ¶ 62. After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *United State v. Carty*, 520 F.3d 984 at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effect manner

(5) the need for the sentence to protect the public from future crimes of the defendant; and

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

**C. Recommended Sentence and 3553(a) Factors**

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 30 months to be followed by a three-year term of supervised release. The custodial recommendation represents a sentence at the low-end of the guideline range.

### a. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The defendant lost his right to possess a firearm after he shot someone in the head multiple times at point blank range. It was a miracle the victim survived, and the defendant was therefore culpable only for attempted murder. He has been required to register as a sex offender since 1998, following release from prison for having been convicted, as an adult, of rape with a victim under 14. The nature and circumstances of the instant offense, when viewed through the lens of the defendant's history and characteristics, are serious.

The seriousness of the defendant's is spoken for by the fact that he has spent over 20 years in prison due to convictions arising from only two incidents. The defendant was arrested 3 times since his release from prison in April 2022. There is a clear pattern of poor decisions made and an inability to stay out of trouble.

### b. The Need for a Sentence to Promote Respect for the Law, afford adequate deterrence to criminal conduct, and Provide Just Punishment

The defendant lost his right to possess a firearm or ammunition and for good reason. Taking him at his word, that the defendant possessed the ammunition that was loaded into a firearm to keep it away from his adult son, is not justifiable. The further punishment recommended by the government is to reemphasize the defendant's need to abide by the law and to deter him from reoffending.

### c. The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effect manner

The 3553(a) factors discussed above justify the recommended custodial sentence, but just as important is what will happen once the defendant is released. The defendant needs the resources and support system available through supervised release. Supervised release is an opportunity and resource-rich program operated by probation officers truly committed to helping their supervisees reenter the world, reorient themselves, further rehabilitate functional deficiencies, and help them get and stay on a path toward productive contribution and existence in society, all through individually tailored approaches. Coupled with custody time, supervised release will help the defendant succeed.

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court adopt the recommendation of the probation department and impose a sentence of 30 months in custody, followed by three years of supervised release.

Dated: July 28, 2025

Respectfully submitted,

CRAIG H, MISSAKIAN
United States Attorney

By: _____/s/_____
ZACHARY M. GLIMCHER
Special Assistant United States Attorney